UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED H. KERNS, JR.,

    Plaintiff,

vs.                                                                                                  Case No. 12-13201

MCKEIL WORK BOATS LIMITED,                                        HON. AVERN COHN
MCKEIL MARINE LIMITED, and
ESSAR STEEL ALGOMA, INC.,

    Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING SEABRIGHT
INSURANCE COMPANY'S MOTION TO INTERVENE (Doc. 32)[1]**

**I.  INTRODUCTION**

This is a maritime negligence case under 33 U.S.C. § 905(b) and an action under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901 *et seq.* (the "LHWCA").  Plaintiff Fred Kerns (Kerns) was employed as a longshoreman by Nicholson Terminal & Dock Co. (Nicholson) and claims he was injured when working on the Niagra Spirit barge, owned by Defendant McKeil Work Boats Limited (McKeil WBL) and managed by Defendant McKeil Marine Limited (McKeil ML).  Defendant Essar Zsteel Algoma, Inc. (Essar) has a charter agreement with McKeil WBL and McKeil ML regarding the barge.

---

[1] Although this matter was originally scheduled for hearing, upon review of the papers, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

On May 17, 2010, while unloading steel coils from the cargo on the barge, Kerns slipped on a small iron pellet and injured his knee. Kerns is suing Defendants under a negligence theory.

SeaBright Insurance Company (SeaBright) provided workers' compensation coverage to Nicholson and, to date, has paid Kerns $96,675.22 for medical care and lost wages on behalf of Nicholson. Now before the Court is SeaBright's motion to intervene in order to enforce a lien on any third-party recovery Kerns may obtain against Defendants. The motion is GRANTED. The reasons follow.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24 allows for intervention as of right and permissive intervention. SeaBright seeks permissive intervention under Rule 24(b), which states,

> **(1) *In General.*** On timely motion, the court may permit anyone to intervene who:
>
> . . . .
>
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b).

## III. DISCUSSION

Because SeaBright has paid Kerns's workers' compensation benefits and continues to pay on behalf of Nicholson, it seeks to intervene to assert a lien on any third-party recovery Kerns may obtain.

Defendants do not object to SeaBright's intervention. Kerns, on the other hand, objects for three reasons. First, Kerns says that intervention will prejudice the parties by causing a delay. Second, Kerns says that SeaBright's participation in the case will

2

prejudice him at trial. Kerns contends that the jury will figure out that SeaBright is his workers' compensation carrier and assume that he was awarded benefits. Finally, Kerns argues that intervention is not appropriate because SeaBright will be able to assert a lien even if it does not intervene. Kerns's arguments are without merit.

**A. The Longshore and Harbor Workers Compensation Act**

The LHWCA "establishes a comprehensive federal workers' compensation program that provides longshoremen and their families with medical, disability, and survivor benefits for work-related injuries and death." *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 96 (1994) (citation omitted). Under the workers' compensation program, "[t]he injured longshoreman's employer–in most instances, an independent stevedore, see *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 263–64 (1979)–must pay the statutory benefits regardless of fault, but is shielded from any further liability to the longshoreman." *Id.* (citing 33 U.S.C. §§ 904, 905(a)) (citation omitted).

In addition to obtaining workers' compensation benefits, a longshoreman "may seek damages in a third-party negligence action against the owner of the vessel on which he was injured." *Id.* (citing *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469 (1992)). However, section 903(e) of the LHWCA provides that "any amounts paid to an employee for the same injury, disability, or death for which [workers' compensation] benefits are claimed under this Act . . . shall be credited against any liability imposed by this Act." 33 U.S.C. § 903(e). The LHWCA also provides for subrogation to an insurer paying benefits on behalf of the longshoreman's employer:

> (h) Subrogation

> Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section.

33 U.S.C. § 933(h).

**B. This Case**

Here, SeaBright is paying Kerns's workers' compensation benefits on behalf of Nicholson. Under the LHWCA, SeaBright is entitled to a credit if Kerns ultimately prevails against Defendants and obtains an award of damages based on the same injuries. Therefore, SeaBright has an interest in the matter and intervention is an appropriate avenue for it to protect its interest. Intervention will not alter the course of the proceedings because SeaBright's interests are aligned with Kern's interests.

Kerns's concern that discovery will be delayed if SeaBright intervenes is overstated. SeaBright is already involved in the case. As SeaBright explained in its reply brief, Essar has requested discovery from it through a subpoena. It is likely that the other Defendants will do the same.

Kerns's contention that the jury will be prejudiced by SeaBright's involvement in the case is likewise without merit. SeaBright's intervention is only in a limited role: to protect its entitlement to a credit if Kerns prevails on his claims against Defendants. SeaBright will not have a role in a trial. Nor will a jury be aware that Kerns receives workers' compensation benefits.

As another court has recognized, "[t]he creation of the equitable lien naturally engendered a concomitant right to intervene in the litigation between the employee and the third party tortfeasor." *Lewis v. United States*, 81 F. Supp. 629, 632 (E.D. Va. 1993)

4

(citation omitted). Indeed, "[w]here the employee himself sues the third party tortfeasor, the courts have long recognized a right of subrogation to the extent of payments made, and have permitted the employer or its insurer to intervene in the employee's suit to protect its right. . . ." *Id.* (quoting *Allen v. Texaco, Inc.*, 510 F.2d 977, 979 (5th Cir. 1975) (quotation marks omitted). The Court, therefore, will allow SeaBright to intervene to protect its right to recoup workers' compensation benefits paid to Kerns from any award against Defendants.

SO ORDERED.

        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: August 27, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 27, 2013, by electronic and/or ordinary mail.

        S/Sakne Chami
        Case Manager, (313) 234-5160